## THE SIGNE (renamed Florida).
### No. 489.

District Court, E. D. Louisiana,
New Orleans Division.

July 22, 1941.

See, also, 37 F.Supp. 819.

Charles Recht, of New York City, and Terriberry, Young, Rault & Carroll, of New Orleans, La., for plaintiff.

P. A. Beck, of New York City, and Denegre, Leovy & Chaffe, and Lloyd A. Ray, all of New Orleans, La., for claimant and respondent.

CAILLOUET, District Judge.

Upon due hearing of the above cause, the libel and the intervening libel were both dismissed, and the court formulates the following as its findings of fact and conclusions of law:

### Findings of Fact.

1. Prior to June 17, 1940, the Republic of Estonia was a free, sovereign and independent nation.

2. On said June 17, 1940, the armies of the Union of Soviet Socialist Republics invaded the Republic of Estonia by force of arms.

3. Thereafter a government entirely subservient to the Union of Soviet Socialist Republics and supplanting that of the Republic of Estonia was set up in Estonia, under the aegis of the Union of Soviet Socialist Republics.

4. The government so set up nationalized or confiscated shipping enterprises in Estonia, among which was that of the partnership of Kasmu Shipowners (Kasmu Laeva-Omanikud), owners of the steamship known as the "Signe" (renamed "Florida"), the subject of this suit.

5. Thereafter, or that is to say on or about August 6, 1940, the Republic of Estonia was physically absorbed into the Union of Soviet Socialist Republics.

6. The United States government does not recognize such absorption of Estonia by such Union of Soviet Socialist Republics, nor the present governmental régime functioning in such republic, nor any of the acts of said régime.

7. The Treaty of Friendship, Commerce, and Consular Rights between the

United States and Estonia, dated December 23, 1925, is considered in effect by the United States government.

8. Said government continues to recognize Johannes Kaiv to be the duly accredited Acting Consul General of Estonia in the United States and in charge of Legation for the temporarily supplanted government of the Republic of Estonia.

9. On November 30, 1940, there was directed and addressed to Charles Recht, attorney at law, New York, from Tallinn, Estonia, a cablegram purporting to be from Oskar Tiedemann, the libelant, and representing him to be acting as "managing owner for himself and for other partners", under power of attorney from said other partners.

10. Said cablegram did, on its face, purport to confer authority upon said attorney to file the libel herein, as was accordingly done.

11. Such authority, however, was conferred by said Tiedemann when under duress from the then functioning but unrecognized government of the Estonian Soviet Socialist Republic, a constituent governmental structure in the. Union of Soviet Socialist Republics, which was created to forcibly supplant the government of the Republic of Estonia, of which said Tiedemann was a citizen and resident.

12. Said Oskar Tiedemann whilst under the dominion and surveillance of the Union of Soviet Socialist Republics, whether in Estonia or otherwise, was never and is not now at liberty to act for himself and his partners, with respect to the shipping enterprise Kasmu Shipowners (Kasmu Laeva-Omanikud), and notably with respect to the steamship "Signe", no part of which any longer belongs to him or other private individual, in the eyes of the government.

13. The real party in interest in the original libel is not the named libelant Oskar Tiedemann, "acting for himself and for and on behalf" of his therein listed 35 partners and alleged principals, but is none other than the government of the Estonian Soviet Socialist Republic, constituent governmental structure in the Union of Soviet Socialist Republics, whose absorption of the Republic of Estonia within itself (and the creation of the supplanting Estonian Soviet Socialist Republic to take its place) is not recognized by the United States.

14. The proctors of the named original libelant have no proper authority to represent said Oskar Tiedemann, or to represent any of the other persons for whom he is alleged to be also acting.

15. Under the laws of the United States, the persons named in the original libel that said proctors filed are the joint owners of the "Signe" (renamed the "Florida").

16. Of these joint owners, two, namely Rudolf Pahlberg and Boris Shivalovitch, who are both outside of Estonia and beyond the dominion of the Union of Soviet Socialist Republics, gave testimony in this cause, and did not authorize proctors to institute this suit.

17. The intervening libelant, Estonian State Steamship Line, is a corporation organized "under the laws of the republic of Estonia, U.S.S.R.", and obtained its corporate charter "pursuant to the decree of the Council of People's Commissars of the U.S.S.R.", for the specific purpose of taking over the said steamship "Signe" (renamed the "Florida"), and similar other property which, like said steamship, was "nationalized by the decree of the Presidium of the Provisional Supreme Soviet of the U.S.S.R. on the nationalization of shipping enterprises and seagoing ships and river boats, dated October 8, 1940".

18. Under the laws of Estonia, Johannes Kaiv, Acting Consul General of Estonia, and the above-named Rudolf Pahlberg, one of the co-owners of said steamship "Signe" (renamed the "Florida"), are duly constituted trustees of the property of Kasmu Shipowners as is in the United States.

19. The two are proper persons to be entrusted with the protection of said property of Kasmu Shipowners.

20. The claimant Estoduras Steamship Company, Inc., was organized for the specific purpose of protecting and conserving the property rights of all of the co-owners of the said steamship "Signe" (renamed "Florida"), as those rights existed prior to June 17, 1940.

21. The beneficial title to the said steamship "Signe" (now known as the "Florida") is still in such individual joint owners, as such title existed prior to June 17, 1940.

### Conclusions of Law.

1. The claimed right to the possession of the steamship "Signe" (now the "Florida") in the original libelant has not been proved.

812

2. Likewise did the intervening libelant fail to prove its own claimed right to possession of said steamship.

3. The authority of proctors to represent the original libelant in this suit is not established.

4. The intervening libelant Estonian State Steamship Line is without standing to sue in this court for the possession of the steamship "Signe", which it admits did formerly belong to Oskar Tiedemann and his named co-owners, and of the joint ownership of which it was sought to divest them by governmental action, consequent upon the absorption of Estonia into the Union of Soviet Socialist Republics, the validity of which absorption is not recognized by the United States.

5. The claimant, Estoduras Steamship Company, Inc., is entitled to retain possession of the Steamship "Florida" (formerly the "Signe") but only to the end that thereby there shall be maintained, protected and safeguarded in trust the said co-owners' respective rights therein, as such rights existed prior to June 17, 1940.

6. Both the original libel and the intervening libel should be dismissed.

7. The trustee, Norman O. Pedrick, heretofore appointed by the court to continue the operation of said steamship "Florida" (formerly the "Signe") under charter, should be discharged in due course, with all the funds in his possession, less approved fees and disbursements, duly paid by him to the claimant Estoduras Steamship Company, Inc., and the physical possession of the vessel should be timely surrendered by him to said company, under the court's direction.